IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

THOMAS KIRKMAN,                         )
                                        )
          Plaintiff,                    )
                                        )
     v.                                 )    1:09CV886
                                        )
THOMAS TISON, ALAN HUTCHINSON, and      )
CUSTOM ROD BUILDERS GUILD, INC.         )
                                        )
          Defendants.                   )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the undersigned United States Magistrate Judge, pursuant to this Court's Amended Standing Order 30 (see Docket Entries dated Nov. 18, 2009, and Mar. 17, 2010), for a recommended ruling on Defendants' Rule 12(b)(6) Motion to Dismiss and Individual Defendants Tison, Hutchison & Hasbrook's Rule 12(b)(2) Motion to Dismiss (Docket Entry 5).[1] For the reasons that follow, the Court should deny the instant motion.

### BACKGROUND

This case began when Plaintiff filed a Complaint in the General Court of Justice, Superior Court Division, Forsyth County, North Carolina, alleging state law causes of action for malicious prosecution, libel per se, violation of North Carolina's unfair and

---

[1] The Complaint identified the second individual defendant as "Alan Hutchinson" (Docket Entry 2 at 1-4), despite the fact that an attachment to the Complaint indicated that said defendant's last name was spelled "Hutchison" (id. at Ex. B). Defendants contend that the latter spelling is correct. (Docket Entry 5-1 at 1 n.1.) Because the case caption has not been formally modified to reflect Defendants' view, the Court generally will use Plaintiff's designation for said defendant, except when quoting passages in which Defendants used their preferred spelling. The Complaint also named a third individual defendant, Bob Hasbrook (Docket Entry 2 at 1); however, after the filing of the instant motion to dismiss, Plaintiff stipulated to a dismissal as to him (see Docket Entry 11).

deceptive trade practices statute, and civil conspiracy. (Docket Entry 2.)[2] Plaintiff's claims all relate to Defendants' alleged involvement in the procuring (on June 8, 2008, in the state district court in Guilford County, North Carolina) of a misdemeanor criminal summons charging Plaintiff with sending harassing e-mail. (Id. at 1-4 and Ex. A.) Said summons states:

> [T]here is probable cause to believe that on or about the date of offense shown [August 8, 2006, to June 8, 2008] in the county named above [Guilford County] the defendant named above [Plaintiff Thomas Kirkman] unlawfully and willfully did electronically mail or electronically communicate to another, Members of the Custom Rod Builders Guild, repeatedly for the purpose of abusing and annoying another, Members of the Custom Rod Builders Guild. To Wit: [Plaintiff Thomas Kirkman] has sent out e-mails to Advertisers of the Custom Rod Builders Guild telling the Advertisers to withdraw their support of Custom Rod Builders Guild. This act was in violation of the law referred to in this Criminal Summons [N.C. Gen. Stat. § 14-196.3(b)].

(Id. at Ex. A.)[3]

According to the Complaint, as of June 8, 2008, Defendants Thomas Tison and Alan Hutchinson served as officers (or agents) and as board members of Defendant Custom Rod Builders Guild, Inc. ("Defendant CRBG, Inc.") and "Plaintiff was the only 'competitor' of [Defendant CRBG, Inc.] in North Carolina." (Id. at 1, 2 and

---

[2] After the filing of the instant motion, Plaintiff stipulated to the dismissal of the libel claim. (Docket Entry 11.)

[3] The criminal summons set a court appearance date for Plaintiff of June 18, 2008. (Docket Entry 2 at Ex. A.) The Complaint does not indicate whether Plaintiff ever received service of the criminal summons or appeared in court to answer the charge. (See id. at 1-4.)

-2-

4.)[4]  The Complaint further alleges that Defendant Tison, acting on behalf of Defendant CRBG, Inc. and at the direction of Defendant Hutchinson, obtained the criminal summons, that such action injured Plaintiff and his business, and that, "[i]n their capacities as Board Members, Defendants Tison [and] Hutchinson . . . conspired amongst themselves to injure Plaintiff by taking out the spurious criminal summons . . . ."  (Id. at 3-4.)  As support for that allegation, in the Complaint and an attachment thereto, Defendant Tison is quoted as stating that "the board [of Defendant CRBG, Inc.] was directed [by a conclave of the organization's membership] to do something about the anonymous e-mails that have been crippling our organization for years" and that "[a]fter much soul searching and painstaking research we [the board members of Defendant CRBG, Inc.] filed a criminal complaint in the North Carolina Court system."  (Id. at 2, Ex. B.)[5]

In addition, the Complaint alleges that Defendants procured the criminal summons "maliciously, without probable cause" and that it "was subsequently dismissed by the District Attorney for failure to state the elements of a crime."  (Id. at 2-3.)  Plaintiff attached a purported copy of that dismissal to the Complaint.  (Id.

---

[4] The Complaint does not identify the nature of Defendant CRBG, Inc.'s business, except to state that it owns and publishes "a quarterly journal called the *Rod Crafters Journal*."  (Docket Entry 2 at 2.)  According to Defendants, Defendant CRBG, Inc. "is a not-for-profit organization" incorporated in Kansas that "provides educational services to its [approximately 650] members on how to build custom fishing rods."  (Docket Entry 5-1 at 1-2.)

[5] Moreover, the criminal summons attached to the Complaint identifies Defendant Tison as the "Complainant."  (Docket Entry 2 at Ex. A.)

-3-

at 2, Ex. C.) On that form, after the line stating that "[t]he undersigned prosecutor enter[ed] a dismissal to the above charge(s) and assign[ed] the following reasons," the box for "No crime is charged" bears a mark. (Id. at Ex. C.) The box for "Other; (*specify*)" also is marked, with this explanation: "in the interest of justice; complaint is more civil in nature than criminal and lends itself more to disposition in the civil courts[.]" (Id.) No mark appears in the "There is insufficient evidence to warrant prosecution for the following reasons:" box. (Id.)

Defendants removed this case to this Court based on diversity jurisdiction (Docket Entry 1) and then filed the instant motion to dismiss (Docket Entry 5), to which Plaintiff responded (Docket Entry 10).[6]

DISCUSSION

In their instant motion, Defendants seek dismissal of the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") (Docket Entry 5-1 at 5-15) and Defendants Tison and Hutchinson seek dismissal of the Complaint as to each of them for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) ("Rule 12(b)(2)") (id. at 15-19).

Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)

Under Rule 12(b)(6), a plaintiff fails to state a claim when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

---

[6] Defendants did not file a reply. (See Docket Entries dated Feb. 18, 2010, to present.)

-4-

face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "[D]etermining whether a complaint states on its face a plausible claim for relief and therefore can survive a Rule 12(b)(6) motion . . . requires the reviewing court to draw on its judicial experience and common sense." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

*Malicious Prosecution*

The parties agree that, under North Carolina law, the elements of a malicious prosecution claim consist of: "(1) initiation of a criminal proceeding by defendant; (2) malice on the part of the defendant in doing so; (3) lack of probable cause for bringing the criminal proceeding; and (4) termination of the criminal proceeding in favor of the plaintiff." (Docket Entry 5-1 at 8; accord Docket Entry 10 at 3.) Defendants assert that Plaintiff failed to state a claim for malicious prosecution because "the dismissal document

attached to Plaintiff's Complaint does not suggest that [Defendant CRBG, Inc.], or any other Defendant, lacked probable cause in initiating the criminal complaint against Plaintiff." (Docket Entry 5-1 at 8.) In this regard, Defendants emphasize that the prosecutor "did not select the box on the dismissal form that states: 'there is insufficient evidence to warrant prosecution.'" (Id. at 9.) According to Defendants, "[i]f the [prosecutor] found or believed that the Defendants maliciously or without probable cause initiated the criminal complaint concerning Plaintiff's involvement with the harassing emails, a state official would have selected the 'insufficient evidence' [sic] as a reason for the dismissal." (Id.)

Defendants cite no authority for the foregoing proposition. The absence of such authority is unsurprising given that "insufficient evidence to warrant prosecution" (Docket Entry 2 at Ex. C) does not mean "insufficient evidence to establish probable cause." A prosecutor may have many reasons for finding "insufficient evidence to warrant prosecution," reasons which may or may not have anything to do with the presence (or absence) of probable cause. See generally Wayte v. United States, 470 U.S. 598, 608 (1985) (recognizing that, "[i]n our criminal justice system, the Government retains 'broad discretion' as to whom to prosecute," that, although the existence of "probable cause to believe that the accused committed an offense defined by statute [is a prerequisite to prosecution, in other respects], the decision whether or not to prosecute . . . generally rests entirely in [the

Government's] discretion," and that, in exercising such discretion, the Government may consider a variety of factors, including "the strength of the case"); State v. Rogers, 68 N.C. App. 358, 368 (1984) (noting that North Carolina law acknowledges "the need for prosecutorial discretion in weighing such factors as the likelihood of successful prosecution" in connection with charging decisions).

Accordingly, just as a mark in the "insufficient evidence to warrant prosecution" box would not establish as a matter of law that probable cause was lacking, the absence of such a mark fails to demonstrate as a matter of law that probable cause existed (much less that Defendants acted without malice). Defendants' argument in this regard thus does not warrant dismissal of Plaintiff's malicious prosecution claim under Rule 12(b)(6).[7]

Moreover, Defendants ignore the fact that the dismissal form reflects the prosecutor's judgment that "[n]o crime is charged." (Docket Entry 2 at Ex. C.) The applicable portion of the North Carolina statute that the criminal summons charged Plaintiff with violating makes it "unlawful for a person to . . . [e]lectronically

---

[7] Nor does Defendants' argument that "it is unreasonable to believe that a North Carolina [prosecutor] would have referred a complainant to civil court if it lacked probably [sic] cause or was initiated maliciously" (Docket Entry 5-1 at 9) warrant dismissal under Rule 12(b)(6). A prosecutor's statement that Defendants' "complaint is more civil in nature than criminal and lends itself more to disposition in the civil courts" (Docket Entry 2 at Ex. C) does not reflect a judgment that Defendants had probable cause to institute a criminal prosecution for a violation of N.C. Gen. Stat. § 14-196.3(b) or that they did so without the malice required to state a claim for malicious prosecution. Accordingly, assuming that a prosecutor's statements on a dismissal form may have some relevance to the determinations of whether probable cause existed or Defendants acted with malice, the prosecutor's cited statement fails to establish Defendants' entitlement to judgment as a matter of law on those elements.

-7-

mail or electronically communicate to another repeatedly . . . for the purpose of abusing, annoying, threatening, terrifying, harassing, or embarrassing any person," N.C. Gen. Stat. § 14-196.3(b)(2). See also N.C. Gen. Stat. § 14-196.3(d) (making any such violation "a Class 2 misdemeanor"). One reasonably may view the prosecutor's designation that "[n]o crime is charged" (Docket Entry 2 at Ex. C) as a declaration that the criminal summons procured by Defendants wrongly asserted that probable cause existed to find that Plaintiff violated Section 14-196.3(b), by allegedly "sen[ding] out e-mails to Advertisers of [Defendant CRBG, Inc.] telling the Advertisers to withdraw their support of [Defendant CRBG, Inc.]" (id. at Ex. A).

Whether Defendants acted with or without probable cause (and/or malice) in procuring the criminal summons in question remains to be determined (as does the question of what, if any, relevance a prosecutor's statement on a dismissal form has upon the determination of the presence or absence of probable cause or malice). It is clear, however, that, contrary to their argument, Defendants have failed to establish that, in light of the boxes checked (or unchecked) on the dismissal form, "Plaintiff cannot show the requisite elements of a malicious prosecution claim" (Docket Entry 5-1 at 9). Accordingly, the Court should deny Defendants' motion to dismiss on that ground.

*Unfair and Deceptive Practices Act*

As to the Unfair and Deceptive Trade Practices Act ("UDTPA") claim, Defendants first contend that the Complaint only includes a

conclusory allegation "that Defendants engaged in 'unfair methods of competition in an [sic] affecting commerce' without any further supporting facts or details.  Such a conclusory statement without any facts or details does not meet the pleading requirements necessary for surviving a Rule 12(b)(6) Motion to Dismiss." (Docket Entry 5-1 at 13 (quoting Docket Entry 2 at 3).) Defendants' argument in this regard ignores the fact that Plaintiff expressly incorporated into said claim all of the factual contentions in the prior portions of the Complaint (see Docket Entry 2 at 3).  The incorporated allegations (and attachments) include information regarding Defendants' initiation of a criminal charge against Plaintiff in a manner that the prosecutor deemed not to state an offense, as well as the competitive relationship between Defendant CRBG, Inc. and Plaintiff (see id. at 1-3, Exs. A-C).  Accordingly, the Court should reject Defendants' request for dismissal based on the Complaint's alleged failure to provide "any facts or details" in support of the UDTPA claim.

Alternatively, Defendants assert that, "[i]f Plaintiff is in fact attempting to use the acts pled in [preceding portions of the Complaint] to support [his] UDTPA claim, Plaintiff's attempt must fail . . . for the same reasons the malicious prosecution [claim] should be dismissed as [set out in Defendants' instant motion]." (Docket Entry 5-1 at 13-14.)  For reasons discussed above (supra, pp. 5-8), Defendants' arguments for dismissal of the malicious

prosecution claim lack merit; as a result, Defendants' boot-strapping-style challenge to the UDTPA claim also falls short.[8]

*Civil Conspiracy*

Defendants cite Eli Research, Inc. v. United Commc'n Grp., LLC, 312 F. Supp. 2d 748, 763 (M.D.N.C. 2004), as support for the proposition that, "[o]nly where there exists a separate, but underlying claim for unlawful conduct, may a plaintiff state a claim for civil conspiracy . . . ." (Docket Entry 5-1 at 14.) They then argue that "Plaintiff's civil conspiracy claim should be dismissed because the underlying 'malicious prosecution' claim was not pled with facts that could support the elements of the claim." (Id. at 15.) Because (for the reasons stated above, supra, pp. 5-8) Defendants failed to show that Plaintiff's malicious prosecution claim should be dismissed, their foregoing attack on the civil conspiracy claim likewise fails.

Motion to Dismiss under Fed. R. Civ. P. 12(b)(2)

Defendants Tison and Hutchinson initially seek dismissal for lack of personal jurisdiction under Rule 12(b)(2) based on their contention that "Plaintiff's Complaint makes no allegations or assertions regarding why jurisdiction of the individual Defendants . . . is proper in North Carolina. (*See generally Compl.*). For this reason alone, Plaintiff's Complaint against the individual Defendants should be dismissed with prejudice." (Docket Entry 5-1

---

[8] Defendants do not contend that conduct constituting malicious prosecution by one business competitor against another would lie outside the reach of North Carolina's UDTPA. (See Docket Entry 5-1 at 13-14.)

-10-

at 16 (parenthetical in original).) The Court does not share Defendants Tison's and Hutchinson's foregoing view of the Complaint. To the contrary, the Court observes that (as outlined above, see supra, pp. 2-3 & n.5) the Complaint contains specific allegations (supported by attached documents) that Defendant Tison procured the criminal summons charging Plaintiff with an offense from a North Carolina state magistrate at the direction of Defendant Hutchinson on behalf of Defendant CRBG, Inc. Given these allegations, the position of Defendants Tison and Hutchinson that the "Complaint makes no allegations or assertions regarding why jurisdiction of the individual Defendants . . . is proper in North Carolina" (Docket Entry 5-1 at 16 (emphasis added)) lacks any plausible basis and the Court should deny their request for dismissal predicated on that contention.

Alternatively, Defendants Tison and Hutchinson argue that "[a] non-resident's role as an officer, director, or agent for a corporation that is subject to jurisdiction in the forum state is not sufficient to provide a basis for personal jurisdiction over a non-resident officer or director. Rather, there must be an independent basis for asserting personal jurisdiction over each individual Defendant." (Id. at 17 (internal citations omitted) (citing Columbia Briargate Co. v. First Nat'l Bank, 713 F.2d 1052, 1055 (4th Cir. 1983); Blue Mako, Inc. v. Minidus, 472 F. Supp. 2d 690, 701-02 (M.D.N.C. 2007); AARP v. American Family Prepaid Legal Corp., Inc., 604 F. Supp. 2d 785 (M.D.N.C. 2009)).) From the foregoing principle, they appear to reason that, because

"Plaintiff's Complaint admits that [Defendant] Tison was acting on behalf of [Defendant CRBG, Inc.] when he went to the Guilford County authorities . . . [and] [b]ecause [Defendant] Tison['s] only contact with the state of North Carolina was in his capacity as a director of [Defendant CRBG, Inc.], Defendant Tison's Rule 12(b)(2) Motion should be granted." (Id. at 18.)  Similarly, they contend that, because, "[a]part from [Defendant] Hutchison's volunteer service for [Defendant CRBG, Inc.], [Defendant] Hutchison has no other contacts or connections with the State of North Carolina[,] . . . [i]t would offend basic due process concepts to assert jurisdiction over [Defendant] Hutchison in the State of North Carolina." (Id. at 19.)[9]

Notably, Defendants Tison and Hutchinson fail to cite any authority for this view that any actions they took on behalf of Defendant CRBG, Inc. directed at Plaintiff in North Carolina have no bearing on the assessment of personal jurisdiction.  Nor does the Court find any basis in Columbia Briargate, Blue Mako, and AARP to warrant Defendants Tison's and Hutchinson's conclusions in this regard.  Rather, the Court construes those opinions (as well as other authority identified by the Court, such as Rusakiewicz v. Lowe, 556 F.3d 1095 (10th Cir. 2009)) as supporting the contrary position (i.e., that the alleged acts of Defendants Tison and

---

[9] The Court again notes that the allegations of the Complaint indicate that, in connection with his service as an officer and board member of Defendant CRBG, Inc., Defendant Hutchinson engaged in the act of directing Defendant Tison to procure the criminal summons against Plaintiff in North Carolina, see supra, pp. 2-3 & n.5.

Hutchinson directly related to the institution of the criminal summons against Plaintiff in North Carolina, even if taken in their capacity as officers, agents, and board members of Defendant CRBG, Inc., warrant the Court's exercise of personal jurisdiction over them in this case).

For example, in Columbia Briargate, the United States Court of Appeals for the Fourth Circuit specifically held that "when a non-resident corporate agent is sued for a tort committed by him in the forum state in which service is made upon him without the forum state under the applicable state long-arm statute . . ., he is properly subject to the jurisdiction of the forum court, provided the long-arm statute of the forum state is co-extensive with the full reach of due process." Columbia Briargate, 713 F.2d at 1064 (internal emphasis omitted).[10] Similarly, in Blue Mako, this Court, per United States Magistrate Judge Russell A. Eliason, recognized that, "if an officer 'actively participates' in a tort, he may be liable even though he was acting in his corporate capacity." Blue Mako, 472 F. Supp. 2d at 701 (quoting Wilson v. McLeod Oil Co., Inc., 327 N.C. 491, 518 (1990)). Moreover, in AARP, the Court, per United States District Judge Thomas D. Schroeder, observed that "[w]here an allegation sounds in tort, a court may exercise jurisdiction over a non-resident defendant who is a 'primary participant in an alleged wrongdoing intentionally directed' at a

---

[10] Defendants Tison and Hutchinson concede that "the North Carolina long-arm statute has been determined to be coextensive with the full reach of due process" (Docket Entry 5-1 at 16).

resident in the forum state." AARP, 604 F. Supp. 2d 785, 799 (quoting Calder v. Jones, 465 U.S. 783, 790 (1984)). Finally, in Rusakiewicz, the United States Court of Appeals for the Tenth Circuit took note that "courts have found the act of authorizing and directing a lawsuit to be enough to establish jurisdiction over officers of a corporation." Rusakiewicz, 556 F.3d at 1101.

Under these circumstances, the Court should reject Defendants Tison's and Hutchinson's motion for dismissal for lack of personal jurisdiction under Rule 12(b)(2).

## CONCLUSION

Defendants' attack on the sufficiency of Plaintiff's malicious prosecution claim lacks merit, as do their related challenges to the UDTPA and civil conspiracy claims in the Complaint. As a result, the Court should deny Defendants' motion to dismiss for failure to state a claim under Rule 12(b)(6). Further, Defendants Tison and Hutchinson are subject to personal jurisdiction in this Court as to this action. Accordingly, the Court should deny their motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2).

**IT IS THEREFORE RECOMMENDED** that Defendants' Rule 12(b)(6) Motion to Dismiss and Individual Defendants Tison, Hutchison & Hasbrook's Rule 12(b)(2) Motion to Dismiss (Docket Entry 5) be **DENIED** and that this case be set for an Initial Pretrial Conference.

           /s/ L. Patrick Auld           
**L. Patrick Auld**
**United States Magistrate Judge**

August 26, 2010